United States District Court

District of Massachusetts

Daniel E. Lafreniere,   Plaintiff                          Civil No.

vs.

United States of America,   Defendant         **04-40070**

Complaint

**PARTIES**

1. The Plaintiff is a citizen of the United States of America and a resident of Springfield, Hampden County, Massachusetts. He is presently a commorant at Federal Medical Center, Devens Camp in Ayer, Middlesex County, Massachusetts, a correctional institution of the Bureau of Prisons of the Department of Justice.

2. The Defendant is the United States of America.

**JURISDICTION**

3. Jurisdiction is found under 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671-2680 (The Federal Tort Claims Act, hereafter the "FTCA")

4. Specifically as to jurisdiction, the claim in the Complaint arises out of the loss of property of the Plaintiff through the negligence or wrongful act or commission of an employee of the Government of the United States while the property was in the possession of a Federal agency of the United States. Upon information and belief, that agency was either or both of the Federal Bureau of Investigation (hereafter THE "FBI") or the Office of the United States Attorney for the District of Massachusetts. Upon information and belief, the property was not detained by a law enforcement officer such as to fall within the exception of 28 U.S.C. § 2680(c); but, if the property is claimed by the Defendant to have been so detained, jurisdiction is further founded under the exception to the exception of that section as it was **(1)** seized for the purpose of forfeiture under a provision of the Federal Law other than for a sentence imposed upon conviction of a criminal offence, **(2)** not forfeited, and **(3)** not remitted or mitigated, and **(4)** the Plaintiff was not convicted of a crime for which his ownership of the property was subject to forfeiture under a Federal criminal forfeiture law.

**VENUE**

5. Venue is founded under the provisions of 28 U.S.C. § 1402(b)

- 1 -

**THE FACTS**

6. On April 11 and 12, 1996, agents of the **FBI** seized the Plaintiff's 95% completed motorcycle (hereafter the "Property") from his home at 36 Shadybrook Lane in Springfield, Massachusetts, together with other items, apparently pursuant to a search warrant.

7. On April 12,1996, the **FBI** agents gave to the Plaintiff's wife a "Receipt for Property ... seized" which listed the Property as follows:
   "**G-2 Motorcycle Frame  # 1B91CC102R1334332**"
A copy of The Receipt is attached and marked **"EXHIBIT A "**

8. On October 24, 1997, the Plaintiff was indicted in The United States District Court for the District of Massachusetts for, among other charges, violations of 18 U.S.C. § 2312  (interstate transportation of stolen motor vehicles) and 18 U.S.C. § 2313  (possession and sale of stolen vehicles).  The case was numbered CR.NO. 96-30016-MAP.

9. At the time of the trial an agent of the **FBI** testified that none of the items seized from the Plaintiff's premise on April 12,1996, were illegal or stolen.

10. On November 5, 1998, the Plaintiff was found **not** guilty by a jury of charges under  18 U.S.C. § 2312 and 2313. He was convicted on one count of conspiracy in violation of 21 U.S.C. 9846, a charge unrelated to the Property.

11. On November 23,1998, the Plaintiff filed a motion in CR.NO.96-30016-MAP for return of all items seized on April 11 and 12, including the Property.

12. On December 1, 1998, the Defendant opposed the return of "motorcycle parts" because **(A)**  "Lafreniere can not legally possess motorcycle parts with obliterated or altered VIN numbers or parts that are stolen," citing Mass. GL Ch. 266 § 28 and 139 and **(B)** some of the items seized "may be introduced at a future trial" should the Plaintiff prevail on appeal of his conviction of the one count in the indictment on which he was convicted. The United States did not cite the testimony of the **FBI** agent referred to above that none of the items seized illegal or stolen or cite any evidence that the Property had been obliterated or altered VIN numbers, as it did **not** have such numbers. The United States agreed to return "other evidence."

13. On December 3, 1998, the Court denied the Plaintiff's motion in part, without prejudice;  directed counsel to consult regarding items to be returned voluntarily; and authorized to the Plaintiff to file a further motion regarding other items.

14. On January 2, 2001, the Plaintiff's conviction on the one count in CR.NO. 96-30016-MAP was affirmed by the United States Court of Appeals for the First Circuit in **United States vs. Lafreniere, 236 F. 3d 41  (1st. Cir. 2001).** The Plaintiff

did not petition for a Writ of Certiorari to the United States Supreme Court and the time for filing such a petition expired on or about March 3, 2001. The Plaintiff filed no motion for post conviction relief seeking a new trial.

15. On October 16, 2001, the Plaintiff filed **pro se** a Motion for Return of Seized Property citing his prior motion and the order of the Court of December 3, 1998 and included in the list of items sought to be returned, the Property described as it was in **Exhibit A** (The Receipt from the **FBI** with its VIN number) and further described it as follows:

> "Motorcycle chassis (frame with front-end, rear wheel, engine, trans-all together 1B91CC102R1334332 (rolling chassis legal - being assembled in my garage)) I hold a mechanics lien against this motorcycle."

16. On October 19, 2001, The United States responded to the Plaintiff's Motion opposing the return of "motorcycle parts bearing evidence that they were stolen." Again The United States did not refer to the testimony of the **FBI** agent that none of the items seized were illegal or stolen.

17. On January 11, 15, and 16, 2002, the **FBI** agent (the same one who had testified that no items were stolen or illegal) returned several items which had been seized to the Plaintiff's brother as his agent but **not** the Property subject to this Complaint.

18. On January 31, 2002, The United States filed a Supplemental Response to the Plaintiff's Motion for return of Property advising the Court of the return of items on January 11, 15 and 16 and stated "The **FBI** is still seeking to locate ... one remaining item requested by the Defendant. The Government believes that [this item] will be located..."

19. On February 5, 2002, the Court took The Government's response of January 31, 2002 as a Motion to Modify its order of December 3, 1998 and allowed it, specifically stating that the Plaintiff may file an additional Motion "if the remaining [item] is not returned in a reasonable time."

20. On April 12, 2002, the Court issued an Order Re: Return of Property which described the Property as a "rolling chassis with various components" and ordered the Government to submit a report to the Court by May 10, 2002, documenting its position with regard to the [Plaintiff's] entitlement to [The Property.]

21. On May 16, 2002, the Government responded to the Court's Order of April 12, 2002 and stated that the **FBI** agent previously referred to in this Complaint "believes that all items have been returned to [Plaintiff's] representative except certain contraband motorcycle parts."

22. On September 9, 2002, the Government filed a further Report to the Court as directed by an Order of August 7, 2002 and quoted the **FBI** Agent as having "conducted a search for item G-2 and cannot locate anything fitting the description of 'motorcycle frame' or 'rolling chassis'"and as believing that "no complete motorcycle" was taken from the Plaintiff's residence and that "any motorcycle would already have been returned to," the Plaintiff. The **FBI** Agent concluded:

"Absent an unexpected discovery in the material to be received from the [**FBI**] archives, it appears that the **FBI** does not have the complete motorcycle described by the [Plaintiff]. The [Plaintiff] may therefore be required to pursue the civil remedies available to him."

23. On September 23, 2002, the Government filed a "Final Report"to the Court repeating its previous conclusion after reviewing the **FBI** archives and stated:

"Unfortunately, it appears that the **FBI** does not have a complete motorcycle as described by the [Plaintiff]. The [Plaintiff] must therefore pursue, if he so choses, the civil remedies available to him."

24. On October 2, 2002, the Deputy Clerk to the Court responded to the Plaintiff's letter disputing the **FBI's** conclusion as to the seizure and location of the Property as follows:

"This long - completed criminal case is not the proper forum to resolve this through which you may obtain damages or some other relief..."

A complete copy of the Clerk's letter is attached as **Exhibit B.**

25. On or about June 30, 2003, the Plaintiff filed with the **FBI** an Administrative Claim for Damage pursuant to **FTCA** on Standard Form 95, with attachments. A copy of this Claim with a further description of the Property and two value quotations are attached on **Exhibit C.**

26. On November 21, 2003, the **FBI** acknowledged receipt of The Administrative Claim of August 29, 2003. A copy of this acknowledgement is attached as **Exhibit D.**

27. As of February 29, 2004, six months after August 29, 2003, the Plaintiff had received no further response from the **FBI.**

28. On or about March 10, 2004, the Plaintiff's Agent informed the Plaintiff that he had telephoned Ms. Geraldene McKevie-Thomas, the individual proposed in the November 21, 2003 letter from the **FBI** (**Exhibit D**) as the person to provide "any additional information or assistance concerning this matter" and that she had told the Plaintiff's Agent that the Plaintiff "could not sue the **FBI**" on account of this Claim, or words to that effect.

597 (Rev. 3-29-93)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

Page 1 of 2

On (date) 4/12/96

Time: 2:35A

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) SEARCH OF RESIDENCE LOCATED AT
(Street Address) 36 SHADY BROOK LANE
(City) SPRINGFIELD   MASS

Description of item(s):

LR-1 INSERT OF PHOTO ALBUM CONTAINING PHOTOS
LR-2 PHOTOGRAPH OF MOTORCYCLE
LR-3 ANNUAL DIABLO PARTY CARD
LR-4 GANG INTELLIGENCE REPORT
LR-5 STRIP OF NEWSPAPER BEARING TELEPHONE NUMBER
MB-1 BLACK SUITCASE CONTAINING ASSORTED DIABLO MOTORCYCLE CLUB (DMC) documents
MB-2 BOX CONTAINING ASSORTED JACKET COLORS
MB-3 ASSORTED PHOTOGRAPHS AND RED PHOTO ALBUM
MB-4 THREE FRAMED PICTURES / MOTHERS CLUB COLORS
MB-5 DMC EMBLEM PARAPHERNALIA
MB-6 .45 CAL LONG RIFLE REPLICA ARMS (hum ???)
MB-7 J STEVENS ARMS Co SHOTGUN with one 12 GAUGE ROUND (??)
MB-8 DMC CORRESPONDENCE
MB-9 DMC FINANCIAL RECORDS
MB-10 ASSORTED DMC RED SHIRTS
MB-11 THREE PHOTO ALBUMS + 2 PURCHASE AGREEMENTS
MB-12 MISCELLANEOUS DMC EMBLEMS BELTS
MB-13 TIN CONTAINER OF A VEGETABLE LIKE SUBSTANCE
MB-14 MORTGAGE / RESIDENCE OWNERSHIP RECORDS
G-1 THREE (3) WOODEN BOXES CONTAINING PUNCHES
G-2 MOTORCYCLE FRAME # 1891CC102R1334332
G-3 MOTORCYCLE FRAME - NO PRIMER
G-4 MOTORCYCLE FRAME - GRAY PRIMER

D-597 (Rev. 3-29-93)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

Page 2 of 2

On (date) 4/12/96

Time: 2:35

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) SEARCH OF RESIDENCE LOCATED AT
(Street Address) 36 SHADY BROOK AVE
(City) SPRINGFIELD MASS

Description of Item(s):

G-6 NEWSPAPERS, PHOTOS, LICENSE PLATE
G-7 PAPER BAG CONTAINING DENIM JACKET
G-8 NEWSPAPER, DENIM COLORS, WRAPPING PAPER
G-9 TITLES, PHOTOS
G-10 DOUBLE BARREL STEVENS MODEL 311D SHOTGUN
G-11 STEVENS ARM 22 LONG RIFLE SINGLE SHOT MODEL 1915
G-12 SILE INC - NY 410 GAUGE DOUBLE BARREL SHOTGUN
G-13 SPORTSKING SPECIAL 22 LONG RIFLE HIGH STANDARD
G-14 #96843 20 OR 16 GAUGE SHOTGUN
G-15 TWO RIVET GUNS (RIGHT HAND TOOL CHEST) + BOX OF RIVETS
G-16 DMC MASS EMBLEM ON WOOD
G-17 SLATE MOTHERS MC CLUB EMBLEM
G-18 PLASTIC DRAWER WITH RIVETS
G-19 LARGE DMC PAPER POSTER
G-20 ASSORTED ENGINE COVERS / PARTS / SAMPLE SHEET METAL
G-21 MASS DFFD REGISTRATION PLATES - FOUR
G-22 DIABLOS MOTORCYCLE GAS TANK
G-23 METAL DFFD VANITY PLATE
G-24 DENIM DMC COLORS, PHOTO, CALENDER SHEET

NOTHING FOLLOWS

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS
FEDERAL BUILDING & COURTHOUSE
1550 MAIN ST.
SPRINGFIELD, MASSACHUSETTS 01103
TELEPHONE:
(COMM) 413-785-0214
(FAX) 413-785-0204

TONY ANASTAS
CLERK OF COURTS

JOHN C. STUCKENBRUCK
DEPUTY CLERK IN CHARG

October 2, 2002

Daniel Lafreniere 90333-038
FPC Devens Camp
Box 879
Ayer, MA  01432

Dear Mr. Lafreniere:

Judge Ponsor has asked me to respond to your letter of September 23, 2002.

The recent report from the Government and your letter have clarified the parties' respective positions regarding missing item G-2, a "rolling chassis." The Government states that it has no recollection of possessing such an item and certainly does not possess such an item now, despite a thorough search. Your position is that the Government did seize the item and is either knowingly withholding it, or negligently failing to locate it.

This long-completed criminal case is not the proper forum to resolve this factual dispute or to consider an appropriate remedy. Other legal avenues may exist through which you may obtain damages or some other relief. For now, the court can offer no further help through the informal process that has been followed based on the old criminal case and your letters requesting assistance. Judge Ponsor has asked me to convey to you his regret that this matter has not been resolved satisfactorily.

Very truly yours,

Elizabeth A. French
Deputy Clerk

cc: AUSA Levchuk

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Federal Bureau of Investigation Deptartment of Justice U.S.Federal Building 1550 Main Street Springfield,Mass. 01013 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Daniel E. Lafreniere 90333-038 Devens Federal Medical Center Box 879 Ayer, Ma. 01432 |
|---|---|

| 3. TYPE OF EMPLOYMENT MILITARY (CIVILIAN) | 4. DATE OF BIRTH 10-20-48 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT N/A None | 7. TIME (A.M. OR P.M) N/A None |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use addtional pages if necessary.)

On April 12,1996 the Federal Bureau of Investigation seized property from my home at 36 Shady Brook Lane in Springfield,Ma. Among the items siezed was a motorcycle under construction. See item G2 on attached copy of property removed from 36 Shady Brook Lane Springfield,Ma. on 4-12 96. On October 16, 2001 Judge Michael A. Ponsor granted my motion for return of the seized items and directed the F.B.I. to comply. Clifford Hedges,the reprsentative for the Bureau in Spfld.,in meetings with my representative has admitted that they cannot find,or have lost thismotorcycle.

9. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

Property consists of a motorcycle under construction which was 95% complete. See attached list of parts and description prepared by WILD-SIDE CYCLE + DN CYCLE SHOP dated May 9, 2003, and April 10, 2003 respectively Value quotes (2) attached.

10. PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

NONE

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $16,000.00 | NONE | NONE | $16,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM June 30, 2003 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.

C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.    No

NO

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

17. If deductible, state amount

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

19. Do you carry public liability and property damage insurance?    Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*)    No

NO

SF 95 (Rev. 7-85) BACK

* **U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175**

# DN CYCLE SHOP
*Assorted New & Used Motorcycle Parts*

**MOTORCYCLES:**
*BOUGHT - SOLD - TRADED*

**SALVAGE, VINTAGE &**
**OBSOLETE PARTS**

**DAN NEGRI**
(203) 235-2047

Visa, Mastercard,
Amex & Discover
Accepted

473 W. Main St. - Rear
Meriden, CT 06451



# DN CYCLE SHOP
473 West Main St. - Rear
Meriden, CT 06451
(203) 235-2047

**No** 1131
**DATE OF ORDER** 6-10-03

**NAME** Daniel LaNeniene
**ADDRESS**
**CITY**
**YEAR, MAKE AND MODEL** 1983
**ORDER WRITTEN BY** PhilHard
**PHONE**
**DESCRIPTION OF WORK**
**WHEN PROMISED**
**LICENSE NUMBER**
**SERIAL NUMBER**
**SPEEDOMETER**
**MOTOR NUMBER**

Ruiz

| QTY | PART NO. AND DESCRIPTION | AMOUNT | | |
|---|---|---|---|---|
| 1 | PanHead Motor VT 101997 | 5583 52 | PhilHard | |
| 1 | Swing Arm Frame 57-1013 | 1435 00 | Gas Tanks 38-0444 | 378 24 |
| 1 | Mikuni Carb 35-9112 | 569 12 | Front End 240789 | 773 61 |
| 1 | Kickstand 27-1720 | 6 76 | Wheels Front/Rear | 239 25 / 357 76 |
| 1 | Fender Front | | | 110 00 |
| 1 | Fender Rear | | Brakes Drums Front + Rear | 139 57 / 649 00 |
| 1 | Handle 17-0026 | 263 67 | | |
| 1 | Clutch Set Up 18-0108 | 103 89 | | |
| 1 | Drive Belt 25uch 29-0020 | 1899 00 | | |

ESTIMATES ARE FOR LABOR ONLY
MATERIAL ADDITIONAL

**TOTAL PARTS**
**TOTAL ACCESSORIES**

**AUTHORIZED BY**

LUBRICATE / CHANGE / ENGINE OIL / TRANS / PRIMARY / WASH

QTS. OIL / LBS. GREASE

LABOR / PARTS / ACCESS. / TAX / TOTAL

PAY THIS AMOUNT
Thank You

## DN CYCLE SHOP
470 West Main St. - Rear
Meriden, CT 06451
(203) 237-2057

**N° 1106**

NAME: David LaFuentes
ORDER WRITTEN BY: Dave / Gust

| QTY. | PART NO. AND DESCRIPTION | AMOUNT |
|---|---|---|
| | Pipes | 1,235.69 |
| | Seat | #2,175.00 |
| | Wire Set | 250 — |
| | Paint Job PBS — | |
| | V2 Fender | |
| | Frame | |
| | 2 Tanks | |

This B/Ke Worth About $16,000

Rhenhagen

ESTIMATES ARE FOR LABOR ONLY
MATERIAL ADDITIONAL

PAY THIS AMOUNT
Thank You



# WILDSIDE CYCLE

689 PORTLAND-COBALT RD. ~ PORTLAND CONNECTICUT 06480 ~ USA
Phone 860-342-1553 Fax 860-342-1553

May 09, 2003

Daniel Lafreniere,
90333-038
Box 879
Ayer, Ma. 01432

"Quote"

Re: One 1965 FL Harley Davidson motorcycle

original 1966 swingarm frame uncut, unpacked complete with swing arm and rear shocks and fender struts.
complete chromed wide glide front end with mechanical brakes(adjustable trees).
complete front and rear wheels chromed with new tires, with brake drums front and rear working mechanical front, working hydraulic rear.
frot and rear wide glide fenders.
original 1965 , five (5) gallon fat tanks.
chrome oil tank with S.S. braided oil lines.
new wide solo seat.
chrome one piece Paco style muffler pipes slash cut.
mousetrap with cable wide glide headlight with chrome surrounding trim.
toomstone tail light with glass lenses(original).
chrome master cylinder(rear) along with hydraulic brakelight switch.
toe and heel footshift complete with kickstand and chrome bracket.
3" Primo primary belt drive, also belt drive for rear wheel.
screw on oil filter and oil cooler.
12 volt generator and chromed regulator.
battery.
new complete 4 speed transmission assembly consisting of Delkron case, Andrews close ratio gear assembly consisting of gears shafts and bearings etc.and hydraulic clutch assembly,ratchet top cover, and kicker.
transmission plate with adjuster.
speedo drive with cable, complete "cats eye" dash assembly with working speedo and ignition switch.
complete black paint job consisting of basecoat /clearcoat with urethane clearcoat.
94" Panhead motor with Delkron generator cases,S.S. flywheels,rods pistons, cylinders.
Branch heads with Manley S.S. valves,springs,titanium retainers.
Cal. custom finned aluminum pan covers, S.S. "E" carb and manifold, S.S. oil pump,Andrews "A" grind solid lifter cam with solid lifters and one piece adjustable push rods and chrome covers and retainers.
all necessary gears thrust washers ect. for timing aide,chromed non-finned cam cover with new bushings.
all new engine bearings,shims etc.,automatic advance chromed distributor,Accel coil and racket.

MATERIAL AND LABOR TO ASSEMBLE, FIT, AND PAINT ALL OF THE ABOVE    13,500.00



**U.S. Department of Justice**

Exhibit D

Federal Bureau of Investigation

Office of the General Counsel                     Washington, D.C. 20535

November 21, 2003

<u>CERTIFIED-RETURN RECEIPT
REQUESTED</u>

Daniel E. LaFreniere #90333-038
Devens Federal Medical Center
P.O. Box 879
Ayer, MA 01432

    RE: ADMINISTRATIVE CLAIM OF DANIEL E. LAFRENIERE

Dear Mr. LaFreniere:

    The Federal Bureau of Investigation (FBI) is in receipt of an administrative claim submitted by you relating to the return or reimbursement of property. Our office is in the process of reviewing this claim and it is our intention to process this claim as quickly as possible.

    Pursuant to 28 CFR § 14.2, the FBI has six months from the date it receives an administrative claim to make a final determination. Your claim was received by our Boston Office on 8/29/2003.

    If you require any additional information or assistance concerning this matter, you may contact Geraldine Mckevie-Thomas, Civil Litigation Unit I, Office of the General Counsel at (202) 324-9654.

Sincerely,

Natalia Leons
Chief, Civil Litigation Unit

Civil Litigation Unit I  
Office Of The General Councel  
Federal Bureau Of Investigation  
J.Edger Hoover Building  
935 Pennsylvania Ave.NW  
Washington,D.C. 20535-0001

March 17,2004

Re: Administrative Claim Of  
Daniel E. Lafreniere Received  
By Boston Office 8-29-2003

Attension: Geraldine Mckevie-Thomas:

    I am writing to you at the invitation of Natalia Leons in her letter to me dated November 21, 2003. My brother Larry Blackwolf, informes me that in a telephone conversation with you on or about March 10,2004, you yold him that i could not sue the Federal Bureau Of Investigation on account of the above claim. Would you please write me wheither this statement was made by you or not.
   If it was not, I request that you so state. If I do not hear from you by March 30,2004, I will assume that you did make this statement and will make refference to it in the acttion I intend to bring under the Federal Torts Claims Act against the United States. Six months has expired since the date my claim was received.

Sincerely: Daniel E. Lafreniere  
Reg.# 90333-038  
Devens Federal Medical Center  
P.O.Box 879   I-Unit  
Ayer,MA. 01432

COPY



U.S. Department of Justice

Federal Bureau of Investigation

Office of the General Counsel                Washington, D.C. 20535

March 24, 2004

CERTIFIED RETURN RECEIPT
REQUESTED

Daniel E. LaFreniere
Devens Federal Medical Center
P. O. Box 879
Ayer, MA  01432

RE: ADMINISTRATIVE CLAIM OF DANIEL E. LAFRENIERE

Dear Mr. LaFreniere:

The Federal Bureau of Investigation (FBI) has received your Standard Form 95 (SF-95), Claim for Damage, Injury, or Death, submitted pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 United States Code (U.S.C.) § 2675(a).

Please be advised that we have reviewed the facts surrounding this matter. 28 U.S.C. § 2675(a) provides for the payment of claims arising out of the negligent or wrongful acts of a Federal employee while acting within the scope of their employment. Our review indicated that there was no negligence or wrongful conduct by an FBI employee in this case. The FBI has concluded that the claim is not actionable under the FTCA, therefore, your administrative claim is denied.

Please be advised that Title 28 C.F.R., § 14.9(a), requires us to inform you that, if you are dissatisfied with this determination, you may file a lawsuit against the United States in an appropriate United States District Court. The lawsuit, however, cannot be filed any later than six months from the date of this notification of denial.

Sincerely,

Natalia Leons
Chief, Civil Litigation Unit

04-40070

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __DANIEL E LAFRENIERE vs.__
   __United States of America__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   __N/A__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                           YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                           YES     (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                           YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                           YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                           (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION       CENTRAL DIVISION       (WESTERN DIVISION)

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION       CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)
PLAINTIFF'S ATTORNEY'S NAME __DANIEL E LAFRENIERE, PRO SE__
ADDRESS __Reg No. 90333-038__
TELEPHONE NO. __Federal Medical Center, Devens__
__N/A   P.O. Box 879 - Camp__
(Cover sheet local.wpd - 11/27/00)   __Ayer, MA 01432__

| JS 44 (Rev. 12/96) | CIVIL COVER SHEET 04-40070 |
|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DANIEL E LAFRENIERE

**DEFENDANTS**
UNITED STATES OF AMERICA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** HAMPDEN
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
PRO SE

**ATTORNEYS (IF KNOWN)**
UNITED STATES ATTORNEY FOR THE DISTRICT OF MASSACHUSETTS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
CIVIL ACTION FOR LOSS OF PROPERTY UNDER FEDERAL TORT CLAIMS ACT 28 U.S.C. § 2671-2680 AND 28 U.S.C. § 1346(b)(1) (Personal Property)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 16,000
**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____  DOCKET NUMBER _____

**DATE** May 2, 2004
**SIGNATURE OF ~~ATTORNEY OF RECORD~~ PLAINTIFF** Daniel E Lafreniere   PRO SE

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____