UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Daniel E. Lafreniere,    Plaintiff
vs.
United States of America,    Defendant

No 04-40070-NG

**Plaintiff's Opposition to Defendant's Motion to Extend Time in which to Respond to Complaint.**

The Plaintiff opposes the Defendant's **Motion to Extend Time** in which to respond to Complaint for each of the following reasons:

1. The Defendant United States has had the Plaintiff's **Form 95** Administrative Claim, with attachments, pursuant to the Federal Tort Claims Act (**FTCA**), which is the basis for the Complaint in its possession since on or about 30 June 2003 - about thirteen (13) months.

2. The Defendant's agent, the Federal Bureau of Investigation (FBI), which has all the facts in the case, acknowledged receipt of the **Form 95** Administrative Claim in Washington D.C. on 29 August 2003 - eleven (11) months ago.

3. On 10 March 2004, the Defendant's agent, Ms. Geraldine McKevie-Thomas of the FBI told the Plaintiff's agent on the telephone that the Plaintiff "could not sue the FBI " on account of the claim (or words to that effect) - a false statement or a seriously misleading statement if it was intended to avoid this case by causing a lay person such as the Plaintiff to believe that his inability to sue the FBI meant that he could not sue the United States - which he could, and did, under the **FTCA** - in this action. (Complaint, Paragraph 28 and 29).

4. The documents which the Assistant United States Attorney suggests in her **Motion to Extend** have just been "**located**" have been largely known to the FBI agents in Springfield, Massachusetts since 1996 (Complaint, Paragraph 6 - 15).

- 1 -

No. 04-40070-NG

5. The Assistant United States Attorney in Sprinfield, Massachusetts who represented the Defendant United States as Plaintiff in the one related case (**not"cases"**), **CR.NO. 96-30016-MAP**, responded to numerous Orders of Judge Ponsor in that criminal case concerning the subject matter of this case, starting on 19 October 2001 - two (2) years and ten (10) months ago.

6. The responses by the Defendant United States to Judge Ponsor's Order were filed 19 October 2001; 31 January 2002; 16 May 2002, 9 September 2002; and 23 September 2002. (Complaint, paragraphs 18-23). The last response, called a **"Final Report"** to the Court stated that the FBI had finally reviewed the **"archives"**, apparently referred to in the Government's **Motion to Extend** as if it was a source of answers not yet researched.

7. If the United States fully, honestly and ethically responded to Judge Ponsor's Orders it must have had and reviewed the documents which it now claims to have just **"located"** when it filed its responses and reports. The United States should not now require more time than the sixty (60) days it has had since service of the Complaint on 24 May 2004 to respond to the Complaint.

8. The Plaintiff's Complaint, although filed **pro se**, was carefully drafted and supported by exhibits and deserved a timely and complete response conforming to the requirements of **F.R.Civ.P. Rule 11.**

9. The office of the United States Attorney for the District of Massachusetts should be sanctioned by the Court for its negligent and dilatory handling of this case as described above and for waiting until the last minute - indeed beyond the last minute - to file a **Motion to Extend** seeking an additional thirty (30) days, given the years it has had available to it the facts in this case, to file a reponse. The fact that the Assistant United States Attorney who signed the **Motion to Extend** in Boston is not the Assistant United States Attorney in Springfield who filed the reports in response to Judge Ponsor's Orders is no excuse!  There is one United States Attorney in the District of Massachusetts and **one** United States.

- 2 -

No. 04-40070-NG

10. Finally, and sadly, the sorry condition of the office of the United States Attorney in the District in this case is no better exemplified than by the absurdity of the dating of the Defendant's **Motion to Extend** as " August 23, 2004" and the Certification of Service of that Motion on the Plaintiff as " August 23, 2004", while the envelope delivering the Motion was **postmarked July 23, 2004** and was received by the Plaintiff on July 26, 2004. This sloppiness could perhaps be excused as an honest error but coming as it does after the unreasonable conduct and delays set forth above and in the Complaint, the Court may well conclude that this is another example of the inattention given by the United States Attorney's office to cases filed **pro se** from correctional institutions. In addition to sanctions, the best way in which to put the United States Attorney out of his obvious misery in this case is to deny the **Motion to Extend** and allow the **Motion to Default** and **Entry of Judgment** filed herewith.

Respectfully submitted,

*Daniel E. Lafreniere*

Daniel E. Lafreniere, Pro Se
Reg. No. 90333-038
Federal Medical Center Devens
P.O. Box 879 - Camp
Ayer, MA. 01432

- 3 -

## CERTIFICATE OF SERVICE

I, Daniel E. Lafreniere, certify that I served a copy of the Motion to Extend Time by depositing it in an envelope, postage prepaid, in the inmate mail system at FMC Devens - Camp, Ayer, Massachusetts, to Jennifer C. Boal, Assistant United States Attorney, John J. Moakley Courthouse, Suite 9200, Boston, Massachusetts 02210, on July 30, 2004.

*Daniel E. Lafreniere*
Daniel E. Lafreniere, Pro Se
Reg. No. 90333-038
Federal Medical Center Devens
P.O. Box 879 - Camp
Ayer, MA.   01432