UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL E. LAFRENIERE,                )
                                     )
    Plaintiff,                       )
                                     )
    v.                               )   Civil No. CV-04-40070-NG
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Defendant.                       )
                                     )

## ANSWER

1. Paragraph 1 of the Complaint sets forth the jurisdictional basis of Plaintiff's Complaint, and, as such, no response is required. To the extent the Plaintiff states factual allegations, they are denied.

2. Paragraph 2 of the Complaint is an identification of a party which requires no response. To the extent that a response is required, the defendant admits the allegations contained in Paragraph 2.

3. Paragraph 3 of the Complaint sets forth the jurisdictional basis of the Plaintiff's Complaint and, as such, no response is required. To the extent that the Plaintiff states factual allegations, they are denied.

4. Paragraph 4 of the Complaint sets forth the jurisdictional basis of the Plaintiff's Complaint and, as such, no response is required. To the extent that the Plaintiff states factual allegations, they are denied.

5. Paragraph 5 of the Complaint sets forth the venue of the Plaintiff's Complaint and, as such, no response is required. To the extent that the Plaintiff states factual allegations, they are denied.

6. The defendant admits that some items were seized on the alleged dates. The defendant denies any remaining allegations contained in Paragraph 6.

7. The defendant admits the allegations contained in Paragraph 7, but denies the dates as alleged in this Paragraph.

8. The defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. The defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. The defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. The defendant admits the allegations contained in Paragraph 11 of the Complaint, but denies the dates as alleged in this Paragraph.

12. The defendant admits the first sentence of Paragraph 12, and denies the remaining allegations.

13. The defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and thus denies the allegations.

14. The defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. The defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint and thus denies the allegations.

16. The defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and thus denies the allegations.

17. The defendant admits that the property was returned, but denies the remaining allegations of Paragraph 17.

18. The defendant admits the allegations contained in Paragraph 18 of the Complaint.

19. The defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and thus denies the allegations.

20. The defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. The defendant admits the allegations contained in Paragraph 20 of the Complaint.

22. The defendant admits the allegations contained in Paragraph 22 of the Complaint, except that the plaintiff has misquoted the language in the Report.

23. The defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. The defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. The defendant admits that the plaintiff submitted an Administrative Claim through an SF-95 dated June 30, 2003, but denies the remaining allegations.

26. The defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. The defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. The defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and thus denies the allegations.

29. The defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. The defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. The defendant admits that the Federal Bureau of Investigations has had conversations with the plaintiff's brother over the past 6 years, but denies the remaining allegations contained in Paragraph 31.

32. The defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. The defendant incorporates its responses to Paragraphs 1-32 of the Complaint as if stated fully herein.

34. The defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. The defendant incorporates his its responses to Paragraphs 1-34 of the Complaint as if stated fully herein.

36. The defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. The defendant incorporates his its responses to Paragraphs 1-36 of the Complaint as if stated fully herein.

38. The defendant denies the allegations contained in Paragraph 38 of the Complaint.

The defendant denies the remaining allegations of the Complaint following the word "**WHEREFORE**."

## AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction over the plaintiff's Bailment Claim.

3. The plaintiff has failed to present his claims in a timely manner.

4. The plaintiff is not entitled to interest and costs.

        For the Defendant,

        MICHAEL J. SULLIVAN,
        United States Attorney


        /s/Rayford A. Farquhar
        RAYFORD A. FARQUHAR
        Assistant U.S. Attorney
        1 Courthouse, Suite 9200
        Boston, MA  02210
        (617) 748-3100

**CERTIFICATE OF SERVICE**

Suffolk,  ss.                                    Boston, Massachusetts
                                                 October 20, 2004

    I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon the Pro Se Plaintiff, Daniel E. Lafreniere, Reg. No. 90333-038, Federal Medical Center, Devens, P.O. Box 879 - Camp, Ayer, Massachusetts, 01432.

                                                 /s/Rayford A. Farquhar
                                                Rayford A. Farquhar
                                                Assistant U.S. Attorney