```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

DANIEL E. LAFRENIERE,             :
                                  :
              Plaintiff,          :
                                  :
         v.                       :      CIVIL ACTION NO. 04-40070-NG
                                  :
UNITED STATES OF AMERICA,         :
                                  :
              Defendant.          :
```

**MEMORANDUM IN SUPPORT**
**OF DEFENDANT'S MOTION TO DISMISS**

I.   INTRODUCTION

Plaintiff's complaint, brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, alleges that the Federal Bureau of Investigation ("FBI") has failed to return a motorcycle frame seized from him on April 12, 1996, and identified in the "property received" list which he attaches to his complaint.  The complaint lists three counts (the first is misidentified in the complaint as Count 2 but will be referred to as Count 1 herein), all arising out of the alleged failure to return this item.  The first count charges the government with negligence in losing plaintiff's property.  The second count alleges that the government has wrongfully converted his property and has refused to return it.  The third count alleges a violation of "liability as a bailee."

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil

1

Procedure, defendant United States moves to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim.

I.  **STATEMENT OF FACTS**

Plaintiff Lafreniere first became the subject of an FBI investigation in 1994, when the Springfield Resident Agency of the FBI's Boston Division opened an investigation into three unsolved gang related homicides in which the Diablo Motorcycle Gang (DMG) were suspects. The FBI learned that Lafreniere, a longtime DMG member, was involved in cocaine distribution and in a large scale pattern of thefts of Harley Davidson motorcycles. After DMG members stole a motorcycle, DMG members, including Lafreniere, would remove the parts containing identifying numbers and renumber the stolen parts or rebuild the motorcycles with other parts.

On April 12, 1996, plaintiff was arrested and his property seized. Complaint ¶¶ 6-7; see also FBI "Receipt for Property Seized," attached to plaintiff's complaint. The property included an item identified as "G-2," which was a partially assembled motorcycle consisting of renumbered stolen parts.

On or about November 5, 1998, plaintiff was convicted of conspiracy to possess with intent to distribute and to distribute heroin. Complaint at ¶ 10; U.S. v. Lafreniere, 236 F.3d 41 (1st Cir. 2001). He was found not guilty of charges of interstate

2

transportation of stolen motor vehicles and possession and sale of stolen vehicles.  Plaintiff admits that his demands for return of his property began on November 23, 1998, when he filed a motion for return of all seized property.  Complaint at ¶ 11.  The government responded on December 1, 1998, arguing, *inter alia*, that plaintiff cannot legally possess stolen motorcycle parts or parts with altered numbers.  Complaint at ¶ 12.  On December 3, 1998, the court denied plaintiff's motion and directed counsel to consult regarding the voluntary return of the seized property.  Complaint at ¶ 13.

Plaintiff admits that he disagreed with the FBI's position that some of the motorcycle parts were stolen and would not be returned, but that he took no further action on this matter for almost three years following this court order.  Complaint at ¶ 12.  He claims that on October 16, 2001, he filed a Motion for Return of Seized Property, Complaint at ¶15, and that the United States responded on October 19, 2001, restating its position, unchanged since December, 1998, that plaintiff cannot legally possess stolen motorcycle parts.  Complaint at ¶ 16.

On January 11, 15, and 16, 2002, the FBI returned all of plaintiff's property to his brother, with two exceptions (not challenged here), which were returned on June 21, 2002.  The items returned on January 15, 2002 included the motorcycle which forms the basis of this complaint; the FBI removed the stolen

3

parts and returned the remainder.

Through the subsequent pleadings detailed in plaintiff's complaint, the FBI notified the court that all items had been returned except for certain stolen motorcycle parts. Complaint at ¶¶ 18-23.

Plaintiff filed an Administrative Claim on August 29, 2003. The FBI denied the claim by letter dated March 24, 2004. He filed this civil suit on or about May 14, 2004. *See* attachments to plaintiff's complaint.

### III. **STANDARD OF REVIEW**

The exceptions to the FTCA relied on by the United States involve different standards of review. The standard of review for motions to dismiss for jurisdictional defects, e.g., a failure to comply with the statute of limitations, falls under Fed. R. Civ. P. 12(b)(1).

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion. *See, e.g.,* Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003), *cert. denied*, 124 S.Ct. 2836 (2004) (discussing the First Circuit's adoption of the view that the FTCA's statute of limitations is a jurisdictional prerequisite). Upon a motion under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the party invoking the jurisdiction of the federal court generally bears the burden of proving its existence. See

Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993); see also Halstead v. Motorcycle Safety Found., Inc., 71 F. Supp. 2d 464, 468 (E.D. Pa. 1999).  There are two different ways of challenging the existence of subject matter jurisdiction: a "facial attack" or a "factual attack."  See 2 James Wm. Moore et al., Moore's Federal Practice P 12.30 (3d ed. 1999); cited by Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)(discussing differences between facial (or "sufficiency") and factual attacks).  A facial challenge may be raised where the complaint fails to aver facts upon which subject matter jurisdiction can be based.  Gibbs v. Buck, 307 U.S. 66 (1939).  In raising a factual attack, the moving party argues that the formal jurisdictional allegations in the complaint are not true.  Id.; see also 1610 Corp. v. Kemp, 753 F. Supp. 1026, 1028 (D. Mass. 1991).

   In both types of jurisdictional challenges, a court will take the well-pleaded facts of the complaint as true and draw all reasonable inferences in favor of the pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996); Barrett v. Lombardi, 239 F.2d 23, 30-31 (1st Cir. 2001).  In addition, where the challenge is factual, a court may go beyond the pleadings and weigh the evidence before it, as related to jurisdictional allegations.  See 1610 Corp., 753 F. Supp at 1028; Halstead, 71 F. Supp. at

468.

**IV. <u>ARGUMENT</u>**

    **A. Plaintiff's FTCA Claims Are Barred by the Applicable Two-year Statute of Limitations**

Plaintiff brings his complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(a), 2671-2680, which establishes a limited waiver of sovereign immunity for certain civil actions commenced against the United States arising out of actions by a government employee acting within the scope of his or her employment. Plaintiff's complaint is brought well beyond the applicable two-year statute of limitations. 28 U.S.C. § 2401(b). Plaintiff's failure to comply with the FTCA's statute of limitations leaves this Court without subject matter jurisdiction to entertain the suit. The complaint must therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). <u>Skwira v. United States</u>, 344 F.3d 64, 71 (1st Cir. 2003), *cert. denied*, 124 S.Ct. 2836 (2004).

A crucial condition placed on the consent of the United States to be sued under the FTCA is set forth in 28 U.S.C. § 2675(a), which requires a plaintiff to have first presented the claim to the appropriate federal agency prior to filing a lawsuit under the FTCA. The claim must be presented to the agency within two years of accrual. 28 U.S.C. § 2401(b); 28 C.F.R. § 14.2. In

accordance with the statute, the filing of a timely administrative claim is jurisdictional, and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for money damages arising out of the alleged wrongful acts of a federal employee. *See, e.g.,* Skwira, 344 F.3d at 71 (*citations omitted*).

A claim accrues at the time of the injury, unless the claimant is unaware of the injury and its cause. Skwira, 344 F.3d at 73. In this case, plaintiff's claim accrued in April, 1996, when the property was seized. *See, e.g.,* Lopez v. United States, 1995 WL 745038 (E.D.N.Y. 1995). Alternatively, at the latest, plaintiff could argue that the claim accrued in December, 1998, when the government first stated its position that it would not return the motorcycle parts it had deemed stolen.

At the latest, therefore, plaintiff's claim accrued almost five years prior to the filing of his Administrative Claim in August, 2003. Plaintiff admits in his complaint that he began his demands for the return of his property as early as 1998, and that, after obtaining a ruling from the Massachusetts District Court on December 3, 1998, plaintiff dropped the matter for three years. Complaint at ¶¶ 13-14. In October, 2001, plaintiff again raised the matter of his property with the Massachusetts District Court. Complaint at ¶ 15. In response to that motion, plaintiff was told repeatedly by the government that no item matching

plaintiff's description was within the FBI's possession, with the exception of "certain contraband motorcycle parts."  Complaint at ¶¶ 16, 18, 21, 22, 23 (references to government pleadings filed in October, 2001, January, 2002, May, 2002, and September, 2002).

Although the seizure of the plaintiff's property occurred in 1996, and he began his demands for the return of the property in 1998, plaintiff failed to file an Administrative Claim until August 29, 2003 - more than seven years after the property was initially seized and almost five years after plaintiff first demanded its return.

Although plaintiff does not articulate this articulate this argument, an extremely liberal reading of plaintiff's complaint might suggest that plaintiff mistakenly believes that his claim accrued in or about January, 2002 when the FBI returned to him the other items seized in April, 1996.  However, the events of 2002 do not establish a new cause of action.

Plaintiff admits that the government provided exactly the same response to him on December 1, 1998, as it did on October 16, 2001; that is, that motorcycle parts bearing evidence that they were stolen could not legally be returned to the him. Complaint at ¶¶ 12, 16.  Plaintiff seems to dispute the FBI's conclusion that the parts were stolen.  Complaint at ¶¶ 12, 16. He admits, however, that he was provided that explanation as early as 1998 and again in 2001 and that he has learned no

additional information since that time which would affect the accrual of his claim.  Plaintiff therefore could not meet his legal burden of proving that the factual basis for his claim was "inherently unknowable" in 1998.  Attallah v. United States, 955 F.2d 776, 780 (1st Cir. 1992).  Plaintiff learned that his property was seized in April, 1996, and demanded the return of the property in 1998.  Plaintiff's attempts to use his closed criminal case to pursue the return of the property, first in 1998 and again in 2001, and his decision to await the conclusion of those attempts prior to filing an administrative claim does not toll the FTCA's two-year statute of limitations.

A tort claim against the United States is barred unless an Administrative Claim is presented in writing to the appropriate federal agency within two years after the claim accrues.  28 U.S.C. § 2401(b).  The position of the United States has not changed since plaintiff was informed in December, 1998, that stolen motorcycle parts would not be returned to him.  His delay of almost five years past that date to file his administrative claim is without justification.  Because the entire complaint consists of claims barred by the statute of limitations, the claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

**B.   The Court Lacks Subject Matter Jurisdiction over Plaintiff's Bailment Claim**

There is a clear demarcation between the waiver of sovereign immunity that applies to claims against the United States based

upon contract, and claims sounding in tort. Specifically, pursuant to the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has subject matter jurisdiction over breach of contract claims brought against the United States:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491 (a)(1) (2000).

Plaintiff's claim for "liability as a bailee," although purportedly brought pursuant to the FTCA, in fact states a breach of contract claim against the government. Hatzlachh Supply Co., Inc. v. United States, 444 U.S. 460, 461-62 (1980). Plaintiff's Count 3 is, in effect, a claim for breach of an implied-in-fact contract, for which he demands $16,000 in damages for the value of the item which was allegedly seized and not returned to plaintiff.

Where a plaintiff seeks in excess of $10,000 in a breach of contract action against the United States, exclusive jurisdiction lies in the Court of Federal Claims under the Tucker Act. 28 U.S.C. §§ 1346(a), 1491(a)(1); Clinton v. Goldsmith, 526 U.S. 529, 539 n.13 (1999). Plaintiff's bailment claim is therefore subject to dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).

10

## V.  CONCLUSION

For each of the reasons set forth in defendant United States' motion and memorandum of law, the United States respectfully requests the Court to dismiss plaintiffs' complaint.

> For the Defendant,
>
> MICHAEL J. SULLIVAN,
> United States Attorney
>
> /s/Rayford A. Farquhar
> RAYFORD A. FARQUHAR
> Assistant U.S. Attorney
> 1 Courthouse, Suite 9200
> Boston, MA  02210
> (617) 748-3284

## CERTIFICATE OF SERVICE

Suffolk,  ss.                                  Boston, Massachusetts
                                               March 18, 2005

I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon plaintiff's counsel of record, Daniel E. Lafreniere, Reg. No. 90333-038, Federal Medical Center Devens, P.O. Box 879 Camp, Ayer, MA 01432.

> /s/Rayford A. Farquhar
> Rayford A. Farquhar
> Assistant U.S. Attorney

## LOCAL 7.1 CERTIFICATION

11

    I, Rayford A. Farquhar, hereby certify that I was unable to contact the pro se plaintiff prior to filing this Motion to Dismiss.

                                                   /s/Rayford A. Farquhar
                                                 Rayford A. Farquhar
                                                 Assistant U.S. Attorney