IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Daniel E. Lafreniere    :   Plaintiff

vs.

United States of America :   Defendant

April 7, 2005

Civil Action: 04-4007NG

Re:  Plaintiff's Response to
     Defendant's Motion to Dismiss

    Plaintiff, acting Pro-Se, sets forth the following in response to the statements contained in the defendant's Motion to Dismiss and the memorandum submitted in support of its Motion. Initially, the Court should be aware that many of the statements made by A.U.S.A. Farquhar as fact, are false or erronious. I refer the Court to the file in the criminal case which bears File Number CA 96 30014 MAP and ask the Court to take Judicial Notice of its contents or in the alternative to at least consider its contents as incorporated by the reference herein.

    Initially, several sets of facts should be made clear. The motorcycle which was returned to me by the Federal Bureau of Investigation is not the bike vouchered as G-2 which was seized as evidence at my home. The returned bike was my personal bike seized from me at the time of my arrest at a job site. To the best of my knowledge no receipt for it was ever issued to me by the FBI. The bike in question (G-2) has not been returned or located by the FBI. It was under construction and nearly complete when it was seized by the FBI in the belief it or component parts of it had been stolen.

    The Court's records will show that I was not convicted of stealing or of possession of stolen parts and that FBI Special Agent Clifford Hedges testified at my trial that "no stolen or illegal items were recovered from or taken from my residence." In fact, I had a title to the bike in question by virtue of a perfected mechanics lein. The A.U.S.A. makes referrence to homocides in his moving papers. No charges or claims that I was ever in anyway involved in any homocide were ever made. In fact, the codefendants against whom these charges were made lived in another state, belonged to a _different_ chapter, and were not known to me.

    The only testimony even remotely linking me to thefts was that stolen bikes or parts were delivered to a tenant who lived in a trailer at the rear of my property. Any stripping or rebuilding was done by Mathew Phaneuf, the tenant, while I was away from home at work. The tenant was convicted of theft and possession of stolen

-1-

property, I was acquitted of these charges. The only charges for which I was convicted and currently serving my sentence of imprisonment was conspiracey to possess heroin.

**THE FACTS**

Property belonging to the plaintiff was seized from the Plaintiff by the FBI during the course of a search of his home and also at the time of his arrest. The property in question descrbed in the reciept as a motorcycle frame is actually a rolling chasis which was seized from his home as evidence and listed as G-2 on a voucher or receipt issued by the FBI. A trial was conducted in 1998 of myself and co-defendants. I was acquitted of any and all charges regarding stolen property and the governments witness admitted that none of the property seized from my home was stolen or illegal.

In Nov. 1998, after the conclusion of the criminal trial, I made a motion for the return of all my property that had been seized as evidence by the FBI. The government responded that the Motion should be denied as to any firearms or alleged stolen property and denied without prejudice as to the remaining property until all appeals and proceedings concerning the case are complete. In Dec. 1998 the Trial Court issued such an order. All appeals ect. were completed in the spring of 2001. In Sept. 2001 I made another Motion for the return of any and all property seized from me that had not been voluntarily returned upon completion of appeals.

In April 2002 the Court directed that all non contraband be returned to me. Some _additional_ property was return but not all of my property. A supplemental motion for return of a knife, a ring and the bike in question was filed. The Court ordered the government to report as to the status of the missing items by May 10, 2002. The knife and the ring were returned. In Sept. 2002 the FBI filed its "Final Report" with the Court. FBI agent Hedges stated the he had conducted an exhaustive search for the "Bike" taken from my premises and vouchered as G2 and that he was unable to locate it. He stated that further searches would be futile and suggested that the plaintiff pursue his civil remedies to recover the value of the bike.

In October 2002, Deputy Clerk French, at the direction of the Court advised me by letter that the criminal case was no longer the proper forum and that plaintiff pursue his civil remedy. I filed my Notice of Claim with the FBI for the value of the bike and on November 21, 2003 received an acknowledgement with

a statement that I had to wait six months before I started suit to give them an opportunity to investigate and settle the claim. On March 24, 2004 I received a denial of claim letter from the FBI Chief of Civil Litigation stating that "our review finds no neglegence or wrongful conduct by the FBI. If you are dissatisfied with our decision, you may file in the U.S.District Court within six (6) months of the date of this letter of denial." <u>This was the first time that I became aware of the government's position</u>. They continuously said that they were trying to locate the bike and return it to me. On May 2, 2004, I commenced this action. The government failed to respond. On July 28, 2004 I moved for a default judgement. THe government sought two extensions of time to answer, indicating that they were trying to settle the action. There has been no offer despite the fact that I submitted expert quotes, as is required with the notice of claim. On October 15, 2004 I wrote the Court seeking help.

The government's claim that the cause of the action arose at the time of seizure is absurd, unless the Court decides to adopt reasoning which would require every defendant in a criminal case to immediately file a notice of claim if their property is seized with or without a Court order, in anticipation of the government failing or refusing to return it at the end of the proceedings. If this be so, what is the purpose of Motions to Return Property? Likewise, the FBI's initial claim that the property would not be returned because they believe that it was stolen was before the District Court for its adjudication and I prevailed. Was I wrong in pursuing the proper claims and litigating disputed facts?

**BAILMENT CLAIM**

I acknowledge that a portion of the complaint seems to plead a contract cause of action. Since I am incarcerated and our library is very sparse, I am unable to cite cases in support of continuing it. It was included at the suggestion of Mr. Morris Goldings, a former inmate and prominent lawyer. I would suggest that it might fit under the claims act if construed as an action for conversation but acknowledge that it may be improper.

**STATUTE OF LIMITATIONS**

The purpose of Statute of Limitations is to require diligent prosecution of known claims in order to provide finality and predictability in legal affairs and to insure that claims will be resolved while evidence is reasonably available and fresh. (see C.J.S.Limitations of Actions §2-4) — Statute of Limitations, like the equitable doctrine of Laches... are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until

the evidence has been lost, memories have failed and witnesses have disappeared. See Order of R.R. Telegraphers vs. Railway Express Agency, 321 US342,348(1944)

The criminal case file and the events set forth above certainly demonstrate that the Plaintiff has diligently pursued his remedy of seeking return of the property seized. The government has been well aware of his claim of right for its return and has in fact returned various items over a period of time. Any delays have been caused by the government. They have continuously stated that they were attempting to locate the property. They have routinely failed to meet time frames established by the Court for reports and responses. As soon as Agent Hedges indicated that he could not locate the bike and the Court indicated that I should pursue civil relief for damages, I promptly filed a Notice of Claims which I followed up with the institution of this action when a Denial of Claim letter was received after several months. Again, this was followed by procrastination by the government.

I respectfully submit that the cause of action did not occur until the Court and the U.S. Attorney made it clear that they would not and could not return the motorcycle in the criminal case and the Court indicated that I should seek civil recovery. In the alternative, given the governments actions, procrastination, and full knowledge of demand for return etc., the statute should be equitably followed and the action permitted to proceed on the merits.

**CONCLUSION**

For the reasons stated within, the Motion to Dismiss for failure to commence within the Statute of LImitations should be denied and the defendant directed to address the merits in an Answer. The Court should review the Bailment Claim and if it is in fact improper, dismiss it without prejudice.

Respectfully:

Daniel E. Lafreniere , Pro-Se
#90333-038
Devens Federal Medical Center
Box 879
Ayer, Ma. 02210

-4-

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the above and foregoing to be forwardedby mail this 7th day of April, 2005

Rayford A. Farquhar
Assistant U.S. Attorney
1 Courthouse, Suite 9200
Boston, MA. 02210

*[signature]*
Daniel E. Lafreniere
#90333-038
Devens Federal Medical Center
Box 879
Ayer, MA. 01432